IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY HOME EQUITY LOAN TRUST 2005-1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-1, | § § § § § § § § | |
| Plaintiff, | § § | Civil Action No. 6:8-cv-305 |
| v. | § § | |
| CINDY MORADO, VICENTE THOMAS MORADO, VICENTE V. MORADO JR., FERNANDO GRANADOS, BIANCA GRANADOS, and the UNKNOWN HEIRS AT LAW OF VICENTE V. MORADO (A/K/A VINCENTE V. MORADO), DECEASED, | § § § § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Home Equity Loan Trust 2005-1 Mortgage Pass-Through Certificates, Series 2005-1 ("Deutsche Bank") files this, its *Original Complaint* against Cindy Morado, Vicente Thomas Morado, Vicente V. Morado Jr., Fernando Granados, Bianca Grandos, and the Unknown Heirs at Law of Vicente V. Morado (a/k/a Vincente V. Morado), Deceased, and would respectfully show the Court as follows:

### I.   PARTIES

1. Plaintiff is a trustee who is appearing through the undersigned counsel.

2. Vicente V. Morado (a/k/a Vincente V. Morado) ("Decedent") was an obligor under a loan agreement. Decedent died on or about January 16, 2014. Upon information and belief, no probate is open for Decedent's estate in Bell County, Texas, the county where the subject Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Vicente V. Morado estate.

3. Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedent ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedent's respective estates, including an undivided interest in the Property, immediately upon her death. Each Heir is made a party in this proceeding.

4. Defendant Cindy Morado is an alleged wife and Heir of Decedent, and may be served with process at her residence, 2402 Purser Drive, Killeen, Texas 76543, or such other place as she may be found. Summons is requested

5. Defendant Vicente Thomas Morado is an alleged son and Heir of Decedent, and may be served with process at his residence, 2402 Purser Drive, Killeen, Texas 76543, or such other place as he may be found. Summons is requested.

6. Defendant Vicente V. Morado Jr. is an alleged son and Heir of Decedent, and may be served with process at his residence, 2402 Purser Drive, Killeen, Texas 76543, or such other place as he may be found. Summons is requested.

7. Defendant Fernando Granados is an alleged son and Heir of Decedent, and may be served with process at his residence, 2402 Purser Drive, Killeen, Texas 76543, or such other place as he may be found. Summons is requested.

8. Defendant Bianca Granados is an alleged daughter and Heir of Decedent, and may be served with process at her residence, 2402 Purser Drive, Killeen, Texas 76543, or such other

place as she may be found. Summons is requested.

9. Defendants the Unknown Heirs at Law of Vicente V. Morado (a/k/a Vincente V. Morado), Deceased, are the unknown heirs of Vicente V. Morado, to the extent that they exist and to the extent they have an interest in the subject Property. *See* TEX. ESTATES CODE § 101.001. The Unknown Heirs of Vicente V. Morado be served by publication. *See* FED. R. CIV. P. 4(E)(1); TEX. R. CIV. P. 111. Summons is requested.

## II. DIVERSITY JURISDICTION AND VENUE

10. There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiff and Defendants, and more than $75,000.00 is in controversy in this cause, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

11. Plaintiff is a national association and trustee of a mortgage-securitization trust. A trustee that possesses "customary powers to hold, manage, and dispose of assets," is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see BAC Home Loans Servicing, LP v. Tex. Realty Holdings, LLC*, 901 F. Supp. 2d 884, 907–09 (S.D. Tex. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Trust v. ConAgra Foods Inc.*, 577 U.S. \_\_\_, 136 S. Ct. 1012, 1016 (2016) (citing *Navarro*, 446 U.S. at 462–66). A national banking association is considered a citizen of the state in which it is located, as determined by the state of its main office in the articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318

(2006) (citing 28 U.S.C. § 1348). Deutsche Bank National Trust Company has its main offices in California, so it is a citizen of California diversity purposes.

12. The named Defendants are individuals and citizens of the state of Texas. The Unknown Heirs are nominal parties, whose citizenship can be disregarded for diversity jurisdiction[1]. *See Navarro*, 446 U.S. at 461.

13. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the lien interest is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

14. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas*, 737 F.3d at 341.

15. Here, the value of the right to be protected is enforcement of a mortgage lien through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of

---

[1] Deutsche Bank acknowledges that an ad litem could discover a previously unknown heir who is a citizen of California. If this occurred, diversity jurisdiction would no longer exist. *W. Weber, Co. v. Kosack*, 1997 U.S. Dist. LEXIS 16786 (S.D.N.Y. Oct. 23, 1997) (noting that a Plaintiff naming unknown parties as defendants "does so at his peril.")

the property are in question, and the value of the property controls. The Bell County Appraisal District values the Property at $88,016.00.

16. In addition to declaratory relief, Plaintiff seeks attorneys' fees. Attorneys' fees claimed under a contractual or statutory provision are included as part of the amount in controversy. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933)); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (holding attorney's fees authorized by statute are considered in determining the amount in controversy); *Grant v. Chevron Phillips Chem. Co*., 309 F.3d 864 (5th Cir. 2002) (though considering attorney's fees in a putative class action, to like effect). Reasonable attorneys' fees in this case include filing and serving this suit on the Defendants, and litigating it through trial. In the event of a trial, those fees would easily exceed $15,000.00. The value of the Property, taken together with attorneys' fees places, the amount in controversy at more than $75,000.00.

17. Venue is proper in the Western District of Texas, Waco Division, because this suit concerns title to real property located in Bell County, Texas. *See* 28 U.S.C. §§ 124, 1391(b)(2).

### III.     SUMMARY OF FACTS

18. The foregoing paragraphs are incorporated by reference for all purposes.

19. On or about August 31, 2004, Decedent Vincente Morado executed an *Adjustable Rate Note* in the principal amount of $44,000.00 ("Note"), originally payable to MILA, Inc. d/b/a Mortgage Investment Lending Associates, Inc. ("MILA") as lender on a loan secured by the real property commonly known as 2402 Purser Drive, Killeen, Texas 76543, and more particularly described as:

> LOT NUMBER EIGHT (8), BLOCK NUMBER FOUR (4), OF NORTHPARK ADDITION, PHASE ONE, KILLEEN, BELL COUNTY, TEXAS, ACCORDING TO THE PLAT OF RECORD IN CABINET "B", SLIDE 25-B OF THE PLAT RECORDS OF BELL COUNTY, TEXAS (the "Property").

A true and correct copy of the Note is attached hereto as Exhibit A.

20. Concurrently with the execution of the Note, Decedent executed a *Deed of Trust*, ("Deed of Trust" and together with the Note, "Loan Agreement"), as grantor, granting MILA, its successors and assigns, a security interest in the Property. The Deed of Trust was recorded in the official public records of Bell County, Texas, in Volume 5476, Pages 501 through 538. A true and correct copy of the Deed of Trust is attached hereto as Exhibit B.

21. Deutsche Bank is the current holder of the Note and beneficiary of the Security Instrument. It is also a *mortgagee* of the Loan Agreement, as defined by Texas Property Code § 51.0001(4).

22. On or about January 16, 2014, Decedent passed away. No probate was ever opened for him. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, his heirs acquired all of his interest in the Property immediately upon his death—subject to the Loan Agreement debt owed to Deutsche Bank.

23. Though some, if not all, of the Defendants have had the use, benefit, and enjoyment of the Property, they have failed or refused to pay the debt evidenced by the Loan Agreement. The Loan Agreement is currently due for the July 1, 2017 payment and all subsequent monthly payments. Notice of default and request to cure was sent via certified mail to the Borrower's last known address, in accordance with the Loan Agreement and the Texas Property Code on August 23, 2018. A true and correct copy of the notice of default is attached hereto as Exhibit C.

24. The default was not cured, and the maturity of the debt was accelerated. Notice of acceleration of loan maturity was sent via certified mail to the Borrower's last known address, in accordance with the Loan Agreement and the Texas Property Code on September 24, 2018. A true and correct copy of the notice of acceleration is attached hereto as <u>Exhibit D</u>.

25. Deutsche Bank brings this suit to obtain an order for foreclosure.

### IV. CAUSE OF ACTION – DECLARATORY JUDGMENT

26. The preceding paragraphs are incorporated by reference for all purposes.

27. Deutsche Bank requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Deutsche Bank requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Deutsche Bank is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

28. Deutsche Bank has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of Decedent and Defendants' failure to comply with the Loan Agreement. Deutsche Bank is therefore entitled to and seeks judgment against Defendants for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by the Decedent, and by statute. TEX. CIV. PRAC. & REM. CODE § 37.009.

### V. CAUSE OF ACTION – STATUORTY PROBATE LIEN

29. The foregoing paragraphs are incorporated by reference for all purposes.

30. Plaintiff Deutsche Bank seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

    a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

*"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

    b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

*"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

    c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

*"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

31. Through Deutsche Bank's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Deutsche Bank has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Deutsche Bank seeks to enforce its statutory probate lien in the Property through foreclosure.

### VI. NON-JUDICIAL FORECLOSURE

32. The foregoing paragraphs are incorporated by reference for all purposes.

33. Because of a material breach of the Loan Agreement, Deutsche Bank seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to all Defendants who acquired the Property subject to Decedent's debts.

### VII. PUBLIC AUCTION

34. The foregoing paragraphs are incorporated by reference for all purposes.

35. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Deutsche Bank's security interest in the Property. Because the rights, responsibilities and duties of Deutsche Bank and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendants, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### VIII. JUDICIAL FORECLOSURE

36. The foregoing paragraphs are incorporated by reference for all purposes.

37. In the alternative, for failure to cure the default of the Loan Agreement, Deutsche Bank seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

38. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Deutsche Bank seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Bell County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

## IX.  TRESPASS TO TRY TITLE

39. The foregoing paragraphs are incorporated by reference for all purposes.

40. Concurrent with Deutsche Bank acquiring all of Defendants' right, title, and interest in the Property—by enforcement of Deutsche Bank's statutory probate lien by non-judicial foreclosure under Deed of Trust's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure.—Deutsche Bank seeks a declaration and judgment that the Defendants are divested of all of their right, title and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Deutsche Bank. Title as to both Plaintiff and Defendants is derived from a common source.

## X.  WRIT OF POSSESSION

41. The foregoing paragraphs are incorporated by reference for all purposes.

42. If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Deutsche Bank, then Deutsche Bank requests a writ of possession against any Occupant.

## XI.  ATTORNEY FEES

43. Because of the material breach of the Loan Agreement, Deutsche Bank is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil

Practice and Remedies Code §§ 37.009 and 38.001. Attorneys' fees are not sought as a personal judgment against the Defendants, but only as an additional debt secured by the Security Instrument

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Home Equity Loan Trust 2005-1 Mortgage Pass-Through Certificates, Series 2005-1 requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Deutsche Bank is the owner and holder of the Note and beneficiary of the Security Instrument and that Deutsche Bank is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that Deutsche Bank's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

c. A writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction;

d. Attorney fees and costs of suit; *and*

e. All other relief, in law and in equity, to which Deutsche Bank is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **GORDON W. GREEN**
    Texas Bar No. 24083102

ggreen@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2650 (Phone)
214-635-2686 (Fax)

**ATTORNEYS FOR PLAINTIFF**